IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIAM KNIGHT, Individually and on            PLAINTIFF
Behalf of All Others Similarly Situated

vs.            No. 5:18-cv-215-KGB

IDAHO TIMBER OF CARTHAGE, LLC,            DEFENDANTS
and IDAHO TIMBER, LLC

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made and entered into by and between Plaintiff William Knight (hereinafter referred to as "Employee" or "Plaintiff"), which includes his agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendants Idaho Timber of Carthage, LLC and Idaho Timber, LLC (Idaho Timber), which, includes any assigns, including Idaho Timber's current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities (hereinafter collectively referred to as "Defendants").

### STATEMENTS OF FACT

The parties acknowledge that:

It is the desire of the parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, or other issues arising out of Employee's alleged employment with Defendants.

Moreover, the parties desire to resolve any and all claims which Plaintiff may have against Defendants as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation; and

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the parties agree as follows:

### I.

Plaintiff acknowledges that he has had adequate and legally sufficient time to review this Agreement with his legal counsel and that he understands the rights that have been waived by this Agreement.

EXHIBIT A

Plaintiff further represents and warrants that he freely negotiated the terms of this Agreement and enters into it and executes it voluntarily. Plaintiff understands that this is a voluntary waiver of any and all claims, whether known or unknown against Defendants, that relate in any way to his alleged employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Idaho Timber of Carthage, LLC, up to and including the date of the execution of this Agreement.

Plaintiff acknowledges and agrees that in exchange for entering into this Agreement, he is receiving consideration, i.e., payment described in Section II below, which is something that he is not otherwise entitled to receive.

## II.

In consideration of each party's promises and commitments contained in this Agreement, the parties agree to the following:

A. Idaho Timber of Carthage, LLC, will pay Plaintiff the amount of Twenty-One Dollars and 64/100 Dollars ($21.64). Plaintiff will be issued a W-2 for that amount for FY2019.

B. Defendants will pay Plaintiff as a representative Plaintiff award the amount of Five Hundred Dollars and 00/100). Plaintiff will be issued a 1099 for that amount for FY2019.

C. Defendants will also pay the Sanford Law Firm, PLLC, Six Thousand Five Hundred and 00/100 Dollars ($6,500.00) for the costs and attorneys' fees incurred on behalf of Plaintiff in the above-styled lawsuit, including costs associated with the settlement of claims by other similarly-situated employees of Plaintiff sought in Plaintiff's Complaint.

D. The payment set forth in Section II.A-C will be payable to Employee no later than thirty (30) days yet not sooner than eight (8) days after execution of this Agreement, provided that the Court has dismissed Plaintiff's Complaint and approved the Settlement by Court Order, as agreed in Section IV of this Agreement.

## III.

Plaintiff shall be responsible for the correct payment of and reporting, including, but not limited to, the filing of returns, where required by law, with any and all federal, state, and local income tax authorities, of all payments received under this Agreement and shall pay all taxes, duties, levies, or imposts due or owing from Plaintiff to any and all such taxing authorities. Plaintiff agrees to indemnify, defend, and hold Defendant harmless from and against any and all claims, demands, and causes of action that in any way arise from or otherwise relate to the failure of Plaintiff to report or pay any and all taxes due or owing from Plaintiff to any and all taxing authorities as related to the payment received under this Agreement. Plaintiff and his counsel agree that this indemnity obligation set out in this section shall include, but not be limited to, any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, reasonable costs of defense, including reasonable attorney fees, and other expenses arising from this indemnity obligation. Plaintiff acknowledges and

agrees that he has not received any tax planning advice from Defendant or Defendant's attorneys.

## IV.

In return for Idaho Timber of Carthage LLC's payment of the valuable and sufficient consideration outlined in Section II above, the sufficiency of which is hereby acknowledged, Plaintiff fully, finally, and forever releases and discharges Defendants from any and all known or unknown claims, obligations, and liabilities, including those for personal injury; for compensatory, punitive, and liquidated damages; for wages, salaries, commissions, and bonuses; for wage deductions, back pay, front pay, court costs, and attorney fees; for job assignments, promotions, transfers, and past due or future employment; for benefits, including but not limited to health, dental, and life insurance, pension, retirement, and/or 401(k) benefits; for monetary damages for intentional infliction of mental and/or emotional distress, defamation, breach of contract, wrongful termination, misrepresentation, and assault and battery; and for any other known or unknown causes, claims, or demands which Plaintiff has, had, or may have had that relate in any way to his alleged employment with, contracted work with, separation from, complaints about, and compensation and benefits due from, Defendants. This Release is made on behalf of Plaintiff, his dependents, heirs, executors, administrators, and agents, including any successors and assigns.

Plaintiff agrees that he will seek dismissal of the Complaint in this action, USDC Case No.: 4:18-CV-00215-KGB (E.D. Ark.), by filing a Joint Motion for Dismissal and Approval of Settlement Agreement with the Court. In addition, Plaintiff specifically releases any all claims of any and all kind whatsoever that he has, had, or may have had against Defendants and any affiliated entities as of the date of Plaintiff's execution of this Agreement under the following:

(1) Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*);
(2) the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*);
(3) the Civil Rights Acts of 1866, 1871, 1964 and 1991;
(4) the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101 *et seq.*);
(5) the ADA Amendments Act of 2008, (42 U.S.C. § 12101, *et seq.*);
(6) the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 *et seq.*);
(7) the Genetic Information Nondiscrimination Act of 2008, (42 USC § 2000ff, *et seq).*;
(8) the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d), *et seq.*);
(9) the Arkansas Civil Rights Act, as amended (A.C.A §16-123-101 *et seq.* ):
(10) the Uniform Contribution Among Tortfeasors Act, as amended (A.C.A. § 16-61-201 *et seq.*);
(11) the Fair Credit Reporting Act, as amended (15 U.S.C. § 1681 *et seq.*);
(12) the Occupational Health and Safety Act of 1970, as amended (29 U.S.C. § 651 *et seq.)* or any applicable state safety and health statutes, regulations, or common law;
(13) the Family and Medical Leave Act, as amended (29 U.S.C. § 2601, *et seq.*);
(14) the Arkansas Minimum Wage Act, as amended (Ark. Code Ann. § 11-4-201, *et seq.*);
(15) the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*);

(16) any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas; and

(17) any and all other relevant Federal, State, local laws, unjust enrichment/quantum meruit, workers' compensation laws, common laws, tort, contract, or statutory claims, and/or any claims for attorneys' fees and costs.

Plaintiff understands and agrees that, even if he should eventually become aware of and/or suffer additional damages arising out of the matters released by this Agreement, he will not be able to make any claims for those damages as against Defendants; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed. Nothing in this Agreement shall preclude Plaintiff from filing with or participating in any manner in any investigation, hearing or proceeding conducted by the Arkansas and United States Department of Labor and/or Equal Employment Opportunity Commission. Plaintiff hereby waives any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims arising prior to the Effective Date of this Agreement. Nothing in this Agreement shall preclude Plaintiff from exercising his rights, if any currently exists, under COBRA, although any such exercise will be solely at the Employee's expense.

## V.

The parties expressly acknowledge that this Agreement contemplates the extinguishment of all claims against each other, relating to Plaintiff's alleged employment with, contracted work with, separation from, complaints about, injuries, and compensation and other benefits due from Defendants, the validity, existence, and occurrence of which are expressly denied by Defendants. Defendant Idaho Timber, LLC expressly denies that it employed Plaintiff at any time.

In further exchange for the consideration recited in Section II above, Plaintiff agrees to waive and relinquish any claim to any right of reinstatement, or future consideration for employment with Defendants. Moreover, Plaintiff agrees to never apply for a position with Defendants or take any temporary employment with Defendants, including any future entity owned or managed by Defendants. Plaintiff acknowledges that he is not entitled to such employment and understands that he will not be hired or permitted to work for Defendants. If Plaintiff applies for employment and is inadvertently hired, or he is otherwise temporarily employed to work for Defendants, Defendants may immediately terminate that employment without cause and without liability.

## VI.

Plaintiff represents and warrants that he has not assigned to a third party any of his current or potential claims against Defendants.

## VII.

Plaintiff agrees not to help, advise, assist, testify, or provide any documents to any individual, entity, or organization, including, but not limited to, any current or former employees of Defendants, or applicants for employment, in any manner whatsoever with respect to any action or investigation involving Defendants, unless lawfully subpoenaed or interviewed by law enforcement or other governmental investigators, including but not limited to the Arkansas or United States Department of Labor and/or the Equal Employment Opportunity Commission.

## VIII.

The parties acknowledge and agree that they have a protected interest in maintaining and securing their reputations. Plaintiff specifically agrees that he will not make any disparaging or inappropriate remarks concerning Defendants under any circumstances, whether work-related or not, arising out of his alleged employment or contracted work with Defendants. Defendant Idaho Timber of Carthage, LLC agrees to provide a neutral job reference for Plaintiff. The reference shall contain Plaintiff's dates of employment, job position(s) held, and last rate of pay. Defendant Idaho Timber, LLC agrees to not make any job-related statements about Plaintiff because he was not employed by it at any time and Plaintiff agrees not to list it as a past employer on any application for employment or related benefits.

## IX.

If either party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then they may present this Agreement to the United States District Court Eastern District of Arkansas, Pine Bluff Division, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

## X.

This Agreement shall not in any way be construed as an admission by Defendants of any liability whatsoever or as an admission by Defendants of any acts of wrongdoing, misclassification, or discrimination against Plaintiff or any other persons. In fact, Defendants specifically disclaims improper wage payments, or any liability to and wrongdoing against Plaintiff or any other persons. Defendants affirmatively state that they have fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiff. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

## XI.

This Agreement is deemed by the parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

## XII.

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

## XIII.

Plaintiff has not relied on any information provided or statements made by Defendants or any of its agents, representatives, or attorneys that are not contained in this Agreement. In return for executing this Agreement, Plaintiff is receiving only the consideration described in Section II of this Agreement.

## XIV.

This Agreement contains the entire Agreement between the parties, and it replaces any prior agreements or understandings between the parties. All modifications to this Agreement must be made in writing and signed by the parties.

## XV.

This Agreement is deemed to have been drafted jointly by the parties and, in the event of a dispute, will not be construed in favor of or against any party by reason of that party's contribution to the drafting of this Agreement.

## XVI.

The parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all parties for their records.

## XVII.

This Agreement becomes effective as to a party as of the date that party signs the Agreement.

(Signatures on Pages 7)

**PLAINTIFF:**

_____     _____
Date                               William Knight

**APPROVED:**

_____
Josh Sanford
Steve Rauls
SANFORD LAW FIRM, PLLC
650 S. Shackleford
Suite 411
Little Rock, AR 72211

And

**DEFENDANTS:**

_____     By: _____, on behalf of Idaho
Date                               Timber, LLC


                                   By: _____, on behalf of Idaho
_____     Timber of Carthage, LLC
Date

**APPROVED:**

s/ Gregory J. Northen
J. Bruce Cross
Gregory J. Northen
CROSS, GUNTER, WITHERSPOON &
   GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone (501) 371-9999
Email: mduke@cgwg.com
Email: gnorthen@cgwg.com

**ATTORNEYS FOR DEFENDANTS**

7