IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**WILLIAM KNIGHT, individually**                                             **PLAINTIFF**
**and on behalf of all others**
**similarly situated**

v.                      Case No. 5:18-cv-00215-KGB

**IDAHO TIMBER OF CARTHAGE, LLC.;**                          **DEFENDANT**
**and IDAHO TIMBER, LLC**

## ORDER

       Plaintiff William Knight filed this action asserting claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* Before the Court is the parties' joint motion to dismiss with prejudice and for approval of settlement agreement (Dkt. No. 15). Attached to the motion as Exhibit A is a stipulation of settlement agreement and release of claims ("Settlement Agreement") (Dkt. No. 15-1).

       Settlement agreements resolving FLSA claims are typically subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, Case No. 5:08-cv-1694, 2010 WL 776933 at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. §216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

       The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have examined such settlements. "When employees bring a private action for back wages under the FLSA, and present

to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. After *Lynn's Food* was decided, other courts to examine this issue have divided the "fairness" determination into two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-41 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, Case No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach). This Court has previously applied the *Dees* approach when analyzing settlement agreements under FLSA. *See Younger v. Centers for Youth and Families, Inc.*, Case No. 4:16-cv-00170-KGB, 2017 WL 1652561 (E.D. Ark. April 27, 2017); *Cruthis v. Vision's*, Case No. 4:12-cv-00244-KGB, 2014 WL 4092325 (E.D. Ark. August 19, 2014).

Having reviewed the Settlement Agreement, the Court determines that the Settlement Agreement both provides putative Collective Class Members a reasonable recovery and furthers the implementation of the FLSA in the workplace. In this case, the Court has not yet certified a Collective Class. Instead the parties represent that they "engaged in discovery regarding Plaintiff's time records, compensation and issues related to the underlying merit of Plaintiff's claims and Defendants' defenses. The parties also exchanged similar time and pay records for all other non-exempt production workers referenced in Plaintiff's Complaint, which totaled 225 other employees in the three-year period prior to Plaintiff's Complaint" (Dkt. No. 15, ¶ 3). The parties

propose settling the claims on behalf of plaintiff Mr. Knight and all putative Collective Class Members by "issuing a Notice of Settlement to the 225 production employees identified by Plaintiff. . . ." (*Id.*, ¶ 5). For good cause shown, the Court grants the parties' joint motion to dismiss with prejudice and for approval of settlement agreement (*Id.*).

The parties attached a proposed Notice of Settlement as Exhibit B to the Settlement Agreement filed for the Court's consideration (Dkt. No. 15-2). The Notice of Settlement fully and accurately informs putative Collective Class Members of all material elements of the litigation and the proposed Settlement Agreement. The Notice of Settlement also advises putative Collective Class Members of their payment under the Settlement Agreement and that their claims will be dismissed with prejudice if they accept payment by negotiating the settlement check provided to them (*Id.*, at 3). The Notice of Settlement informs putative Collective Class Members that, if they do not wish to participate in the settlement, and want to pursue their claims on their own, they can do so by not negotiating the settlement check within 90 days of the date specified on the notice (*Id.*).

As stated in the Settlement Agreement, within 30 calendar days after entry of this Order, defendants shall provide payment to counsel for putative Collective Class Members and for costs and attorneys' fees (Dkt No. 15-1, at 2).

The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement. The Court approves putative Collective Class Member counsel's application for an award for attorneys' fees and reimbursement of costs in the amount set forth in the Settlement Agreement (Dkt. No. 15-1, at 2). Further, the Court approves of the enhancement award to Mr. Knight, the named plaintiff, as set forth in the

proposed Settlement Agreement (*Id.*). The Court retains exclusive jurisdiction over the performance and enforcement of the Settlement Agreement and this Order.

It is so ordered this the 4th day of October, 2019.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge